43h 593
f 64ad541

GEORGE F. HECKER AND JOHN VINCENT, EXECUTORS AND TRUSTEES, ETC., OF JOHN McKEON, DECEASED, PLAINTIFFS, *v.* WILLIAM J. SEXTON AND OTHERS, DEFENDANTS.

*Appointment of a guardian* ad litem *for an infant defendant — appointment of one having an interest adverse to that of the infant — Rule of Supreme Court No 49 — an appointment in violation of such rule will be set aside on the motion of any party or person interested*

In this action, brought by the plaintiffs, Hecker and Vincent, as executors and trustees of one McKeon, to foreclose a mortgage, the plaintiff Vincent, who was the general guardian of an infant defendant who owned an undivided one-half of the mortgaged premises, was upon his own petition appointed to act as the guardian *ad litem* of the infant, no mention being made in the petition of the fact that he was the same John Vincent mentioned in the title of the action as one of the plaintiffs

*Held*, that as the duty of Vincent as one of the plaintiffs, and his duty as guardian *ad litem* were wholly inconsistent and incompatible, and could not, with any propriety, be exercised together, and as his appointment was a direct violation of the Rule 49 of the Supreme Court, it was something more than a mere irregularity in practice

That even if it were not absolutely void, so as to render it assailable collaterally, in any future judicial proceedings, yet it was so far voidable as to enable any party to the action or any person interested therein, as, for instance, a purchaser at a foreclosure sale, to raise the objection by motion, and to call upon the court to undo the inadvertent act into which it fell through the concealment by one of the parties.

That the person who had bought the premises upon the sale under the judgment entered in this action should be relieved from the purchase, and the referee be required to pay back to him the money already paid in, leaving the plaintiffs to proceed as they might be advised.

APPEAL from an order denying a motion made by Antonio Cuneo, who was not a party to the action, to be relieved from a purchase madè by him at a sale under a judgment of foreclosure entered herein.

*E. Ellery Anderson*, for the purchaser.

*Ira Shafer*, for the plaintiffs, opposed.

MACOMBER, J.:

One of the grounds for the claim of the appellant is, that the amount of land purchased at the sale was nine inches less in front on Baxter street than it was represented by the referee at the sale to be. The affidavit of the attorney for the appellant states that on the 14th day of September, 1885, which was two weeks after the sale and the payment by the appellant of ten per cent of the amount of the bid, he raised this objection before the referee, as a reason why his client should not fulfill the terms of the bid. It seems to have been assumed by both parties, as well as by the learned judge at the Special Term, that there was proof upon the motion to the effect that the land was in fact short, by this number of inches, of the amount which it was represented to be at the sale. This assumption, however, is a mistake of fact, for upon an inspection of the printed case it is found, that there is not any allegation whatever that the referee made any representation at the sale concerning the amount of property. On the contrary, the notice of sale which describes, it is true, the width on Baxter street as thirty-six feet and two inches, contains the following qualifications, namely: "Thence southerly along Baxter street aforesaid, formerly_Orange street, thirty-six feet and two inches, to the place of beginning, be the said dimensions more or less, etc."

The purchaser was not deceived by anything done by the parties at or before the sale, and he could not have been misled by the description contained in the notice of sale, inasmuch as it indicated that there might be some slight discrepancy in the courses and distances which the description of the premises contained.

The other ground for relief is that John Vincent, one of the plaintiffs, as well as one of the defendants, was appointed in the foreclosure suit guardian *ad litem* of John R. S. Kein, an infant defendant, when

his interest as plaintiff was clearly adverse to the interest of the infant. Mr. Vincent is one of the trustees of the last will and testament of John McKeon, deceased, and is one of the plaintiffs in the action. He is also general guardian of the infant. He was made a party defendant as such general guardian.

His duty as executor and trustee of the will required him to bring an action to foreclose the mortgage against the infant whose interest in the land consisted of an undivided one-half of the premises. His duty, therefore, as plaintiff, against one of the principal defendants, and his duty as guardian *ad litem*, were wholy inconsistent and incompatible, and could not, with any propriety whatever, be exercised together. The order making this appointment was doubtless made through inadvertence, the judge being probably misled by the failure of Vincent, in his petition for his own appointment as guardian *ad litem*, to mention the fact that he was the same John Vincent mentioned in the title of the action as one of the plaintiffs. Had such fact appeared before the judge, this order, doubtless, never would have had an existence.

Rule 49 of the Supreme Court is as follows: "No person shall be appointed guardian *ad litem*, either on the application of the infant or otherwise, unless he be the general guardian of such infant, or is fully competent to understand and protect the rights of the infant and has no interest adverse to that of the infant, and is not connected in business with the attorney or counsel of the adverse party."

This rule was made under and in pursuance of the Code of Civil Procedure, section 17 of which declares that the convention of judges "must establish rules of practice not inconsistent with this act, which shall be binding upon all courts of record, except the court for the trial of impeachments and the Court of Appeals." This rule, in my judgment, rendered the appointment of Mr. Vincent as guardian *ad litem* in this action something more than a mere irregularity in practice. Even if not absolutely void, so as to render it assailable collaterally in any future judicial proceeding, yet it is so far voidable as to enable any party to the action or any person interested therein, as, for instance, a purchaser at a foreclosure sale, to raise the objection to it by motion, and to call upon the court to undo the inadvertence which it fell into through the concealment of one of the parties.

I am of the opinion that any person actually interested in a pecuniary way in having a clear and unassailable judgment record as the foundation of his title to real estate, has the right to object, if done seasonably as has been done by this purchaser, to a judicial proceeding prohibited by the general rules of practice. Indeed, outside of rule 49, and through the inherent power of the court to preserve an appearance of fairness and justice in all of its proceedings, the appointment as guardian *ad litem* of an adverse party would not be tolerated, and if done would be undone before the rights of third parties had intervened.

The question is not whether any injury has been wrought in this particular case. There probably has not been, though of that thing no one can be sure, because the infant has not yet been heard. It is to enable him to be heard effectively that his mouth-piece should not be the adverse party. Who, on reading the judgment-roll in this action, and not seeking information outside of its wrapper, would not believe that the court had been deceived into doing a great injustice to the infant defendant? One who buys at a judicial sale may demand a title free from any reasonable doubt, as a condition precedent to the completion of his purchase. (*Rice v. Barrett*, 102 N. Y., 162.)

Suppose the infant to be dispossessed of this land by virtue of this sale. Could the purchaser, with his present knowledge of the facts, successfully resist an action instituted by the infant to protect his legal rights? I think not. While possibly the court acquired jurisdiction of the infant sufficiently to give a good title to a purchaser who had no knowledge or notice of the facts (but of this I am doubtful), yet this purchaser, with the information acquired by him subsequently to his bid, through the diligence of counsel, could not resist the claims of the infant that he had not yet had his day in court.

The purchaser should be relieved from the purchase, and the referee be required to pay back to him the money already paid in, leaving the plaintiffs to proceed as they may be advised.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

DANIELS, J., concurred; BRADY, J., concurred in the result.

Order reversed, with ten dollars costs and disbursements, and motion granted.